IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAYLA DRUMMOND,** : | | |
| Plaintiff : | **No:** | |
| : | | |
| vs. : | | |
| : | **JURY TRIAL DEMANDED** | |
| **CITY OF WILLIAMSPORT,** : | | |
| Defendant : | | |

## **COMPLAINT**

1. Plaintiff, Kayla Drummond, is an adult female currently residing at 2760 Lycoming Creek Rd, Williamsport, Lycoming County, Pennsylvania.

2. Defendant herein is the City of Williamsport, a Governmental entity existing under the laws of the Commonwealth of Pennsylvania with offices located at 100 W. Third St., 3rd Floor, Lycoming County, Pennsylvania.

3. On March 7, 2023, Plaintiff filed a Complaint against the Defendant alleging Sexual Discrimination in violation of both the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act with the request that the Complaint be dual filed with the Equal Employment Opportunity Commission.

4. By correspondence dated January 5, 2024, the Pennsylvania Human Relations Commission notified Plaintiff of her right to proceed with the filing of Complaint in court.

5. The Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §1331 and 1343.

6. Venue lies in the Federal District Court for the Middle District of Pennsylvania

1

pursuant to 28 U.S.C. §1391.

7. Plaintiff began working with the Defendant under a Step AmeriCorps Program in March 2017, and in the Spring of 2018 officially became an employee of Defendant in its Recreation Department.

8. In 2019, Complaint was appointed Interim Recreation Director by former Mayor Gabriel Campana.

9. In the Summer of 2019, Plaintiff was removed as Interim Recreational Director and the position was given to Shawn Washington.

10. In January of 2020, Shawn Washington was fired from the position of Recreational Director and Plaintiff was asked once again to serve as Interim Recreational Director and run the Department until interviews for the position were concluded by new Mayor Derek Slaughter.

11. On or about March 6, 2020, Mayor Derek Slaughter offered Plaintiff the position of Recreation Director, however, the pay was less than that of the two previous male Recreation Directors.

12 While serving as Recreation Director, Plaintiff was excluded from meetings pertaining to recreation and was told that she did not need to attend such meetings because the Mayor would be there.

13. During 2021, recreation events which had been cancelled during COVID were resumed including the Easter Egg Hunt, Homemade Days, StrEAT Food, Joel Garrison Day, Williamsport Welcomes the World, Halloween, Christmas Parade, Festival of Lights and Summer Day Camp.

14.  With regard to Summer Day Camp and the hiring of seasonal staff, Plaintiff had to train Human Resources employees how to conduct orientation and what paperwork was needed.

15.  Although Public Works was to assist Plaintiff with regard to recreation events, they never provided any assistance other than their normal duties such as cutting grass and trimming trees.

16.  In the Fall of 2021, a new general manager of Public Works was hired, a male, and Plaintiff was told to help him and train him on what to do in the Recreation Department.

17.  Plaintiff was the only female head of an operations department for Defendant.

18. Although Plaintiff was told on many occasions that other Departments were to help Recreation, when she asked for help her requests were openly disregarded.

19.  Plaintiff was not treated as an equal by other Department heads and was described by many as the black girl that walked around City Hall.

20.  Plaintiff was never advised by the Mayor or any other individual that her performance was anything other than exemplary.

21.  Although Plaintiff continually requested that the Mayor attend Recreation Department events, the Mayor would not attend events unless he was assured that reporters or news TV crews would be in attendance.

22.  The Mayor continuously excluded Plaintiff from meetings pertaining to recreation and never sought her recommendations regarding recreation events or

matters raised during the meetings she was excluded from. Other male department heads were not treated similarly.

23. On or about November 4, 2022, Plaintiff was advised by Scott Livermore, the General Manager of Public Works, and Molly Steel-Shrimp, HR Director, that she was being terminated from her position as Director of Recreation.  When Plaintiff asked them why she was being terminated, they advised her that they were not at liberty to discuss it, but that the Mayor was going in a different direction.

24. Scott Livermore advised Plaintiff's assistant Oldren Polk that Plaintiff was terminated because she was insubordinate.

25. Plaintiff was not insubordinate.

26. In fact, Plaintiff would not have had the opportunity to be insubordinate to Mayor Derek Slaughter because he rarely had contact with her.

27. Plaintiff had no performance issues prior to her termination.

28. Defendant never advised Plaintiff of any issues related to her performance.

29. Plaintiff had no attendance issues prior to her termination.

30. Defendant never advised Plaintiff of any attendance issues prior to her termination.

31. Plaintiff was never counseled on her performance or ever advised that there were areas of her job responsibilities where she was in need of improvement.

32. Plaintiff was replaced in the position of Recreation Director by a male, Sean Walker, who had little or no experience.

**Count I– Sexual Discrimination**

33. Paragraphs 1 through 32 are incorporated herein by reference as though set forth in full.

34. Complaint has been discriminated against on the basis of her sex in violation of the Pennsylvania Human Relation Act and Title VII of the Civil Rights Act in that she was discriminated against in the terms and conditions of her employment and terminated from her position as Recreation Director on the basis of her sex.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against Defendant together with reinstatement, back pay, compensatory damages, punitive damages, as well as reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

Respectfully Submitted,

**SCHEMERY ZICOLELLO**

By: ___s/Michale J. Zicolello_____
    Michael J. Zicolello, Esquire
    I.D. No: 65522
    Attorney for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com